# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LUNA, | No. 2:16-CV-1731-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 14) and defendant's cross-motion for summary judgment (Doc. 18).

///

///

///

# I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on February 7, 2013. In the application, plaintiff claims that disability began on July 28, 2008. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on December 11, 2014, before Administrative Law Judge ("ALJ") David M. Blume. In a February 13, 2015, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): lumbar degenerative disc disease, sleep apnea, and pain disorder;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform sedentary work; he cannot climb ropes, scaffolds, or ladders; he can occasionally climb ramps and stairs, balance, kneel, stoop, crouch, and crawl; he must avoid concentrated exposure to cold or working around hazards such as heights and moving machinery; he is limited to non-public, simple, repetitive tasks and only occasional interaction with co-workers and supervisors; and

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on June 3, 2016, this appeal followed.

# II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole,

including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III. DISCUSSION

Plaintiff argues that the ALJ improperly rejected the opinion of Dr. Portwood. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and

convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

As to Dr. Portwood, the ALJ stated:

> M. Peggy Portwood, M.D., completed a physical residual functional capacity assessment on December 9, 2013, and opined that the claimant could stand/walk and sit less than two hours in an eight-hour workday. He would require a job that permits shifting positions at will from sitting, standing, or walking. He would sometimes need to take unscheduled breaks for at least 15-20 minutes in an eight-hour workday. With prolonged sitting, claimant's legs should be elevated. He would require the use of a cane on occasion. He could rarely lift less than 10 pounds. He can never stoop, crouch, climb ladders or stairs, and rarely stoop. He has significant limitations in reaching, handling, and fingering. Moreover, as a result of the claimant's impairments or treatment, he likely would be absent from work more than four days per month (Exhibit 10F).
>
> Dr. Portwood was a treating source, but her opinion is given little weight. As discussed above, the claimant has enjoyed an active lifestyle even after his date last insured and Dr. Portwood's opinion is also inconsistent with the objective findings in the record.

4

Plaintiff argues that the record belies the ALJ's conclusion. Specifically, plaintiff cites portions of the record showing: (1) failed physical therapy, injections, and spinal surgery by November 2011; (2) September 2009 MRI results indicating a displaced nerve root following surgery; (3) Dr. Portwood's findings of atrophy of the right leg, limited range of motion in the back, weakness with manual muscle testing in the lumbar region, right hip, and tibialis anterior muscle, and positive straight-leg rise test on the right side. Plaintiff also argues that the ALJ's reference to an "active lifestyle" is meaningless because it is unclear. Finally, citing 20 C.F.R. § 404.1527, plaintiff contends that the ALJ impermissibly referenced "treatment records from 2014 relating to injuries Plaintiff suffered while riding a motorcycle and attempting to swim in the ocean."

Plaintiff's citation to portions of the record showing that plaintiff suffers from various impairments is unpersuasive on the issue of the ALJ's analysis of the doctor's opinions. The existence of impairments is not in dispute. What is at issue is whether and to what extent such impairments limit plaintiff's ability to work. Plaintiff has not pointed to opinion evidence from other doctors supporting the limitations assessed by Dr. Portwood.

Plaintiff's citation to the regulations is also unpersuasive. The section plaintiff cites generally describes the law discussed above relating to evaluation of medical opinions. It does not prohibit consideration of plaintiff's activities of daily living or treatment records. More to the point, as reported to Dr. Portwood and noted by the ALJ, plaintiff was able to ride a motorcycle after the alleged onset of disability. While this activity may or may not be part of an "active lifestyle," it is certainly inconsistent with Dr. Portwood's assessment of such extreme limitations. Furthermore, as also noted by the ALJ, no other doctor who examined plaintiff and/or reviewed records found similar limitations.

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 14) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 18) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: June 22, 2017

						_____
						**CRAIG M. KELLISON**
						UNITED STATES MAGISTRATE JUDGE